# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOHN A. ANDREWS,

       Plaintiff,

v.                                        Case No. 4:19-cv-437-MW/MJF

CHAPLAIN SPANOS,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff John Andrews has filed an amended civil rights complaint alleging violation of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). (Doc. 6). Andrews's amended complaint is accompanied by a motion to proceed *in forma pauperis*. (Doc. 7). The undersigned recommends that Andrews's motion to proceed *in forma pauperis* be denied and this case dismissed under 28 U.S.C. § 1915(g), because Andrews is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this lawsuit.[1]

**I.    Background and Procedural History**

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Plaintiff John A. Andrews, DC# D17561, is an inmate of the Florida Department of Corrections currently confined at Jefferson Correctional Institution. Andrews's amended complaint names one Defendant: Chaplain Spanos, who works at Jefferson CI. (Doc. 6 at 1, 2). Andrews claims that Spanos violated his rights under the First Amendment and RLUIPA on an unspecified date, when Spanos suspended Andrews from eating in the chow hall for 120 days because Andrews gave a portion of his meal to another prisoner. (*Id.* at 6-7). As relief, Andrews seeks compensatory damages, punitive damages, and an injunction "to have past as well as any future suspensions to be reviewed to ensure that anyone['s] constitutional rights are upheld." (*Id.* at 7).

**II.   Discussion**

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal

of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Andrews has accrued three strikes, as recognized by the United States District Court for the Middle District of Florida. *See Andrews v. Herring*, No. 3:19cv1050-J-34PDB (M.D. Fla. Sept. 12, 2019) (dismissing Andrews's civil rights action pursuant to three-strikes bar and identifying qualifying cases); *Andrews v. Corizon Health, Inc.*, No. 3:16cv640-BJD-JBT (M.D. Fla. Dec. 21, 2016) (same).

As determined by the Middle District, Andrews's three qualifying cases are: (1) *Andrews v. Dade Cty. Corr.*, No. 1:11cv22784-KMM (S.D. Fla. Oct. 24, 2011) (dismissing, for failure to state a claim, civil rights action filed by Andrews while incarcerated in the Miami-Dade County Department of Corrections under Inmate #070082213); (2) *Andrews v. Turner Guilford Knight Corr. Ctr.*, No. 1:12cv-21106-JAL (S.D. Fla. Aug. 28, 2012) (dismissing, for failure to state a claim, civil rights

action filed by Andrews while incarcerated in the Miami-Dade County Department of Corrections); (3) *Andrews v. Gonzalez*, No. 3:16cv185-HLA-JBT (M.D. Fla. Mar. 9, 2016) (dismissing, for failure to state a claim, civil rights action filed by Andrews while incarcerated in the Florida Department of Corrections).[2] Andrews's amended complaint acknowledges the three actions that qualify as strikes. (Doc. 6 at 4-5). All three of Andrews's strikes were entered before he filed this lawsuit on September 4, 2019. (Doc. 1).

Because Andrews has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Andrews's allegations, accepted as true, fail to make a colorable showing that he is in imminent danger of serious physical

---

[2] After Andrews's 2019 Middle District case was dismissed based on the three-strikes bar, Andrews filed, on October 18, 2019, a document titled, "Motion to Correct Conflicting Judgment," where he claimed that Middle District Judge Timothy Corrigan previously determined that he was not a three-striker. (*See* Case No. 3:19cv1050-J-34PDB, Doc. 6). Andrews attached to his motion an order from a 2015 Middle District case, *Andrews v. Moore*, No. 3:15cv881-TJC-JRK, where the defendants sought to count as a strike a 2013 case Andrews filed in state court that was removed to federal court and resolved on summary judgment. (*See* Case No. 3:15cv881-TJC-JRK, Doc. 16 (motion to dismiss relying on Northern District Case No. 4:13cv567-MW-CAS)). District Judge Corrigan determined, correctly, that the 2013 case did not count as a strike. (Case No. 3:15cv881-TJC-JRK, Doc. 20 (order)). Should Andrews make the same argument here—that deeming him a three-striker "conflicts" with Judge Corrigan's order—his argument should be rejected. The defendants in the 2015 case did not (and could not) rely on Middle District Case No. 3:16cv185-HLA-JBT as a "strike," because Andrews incurred that strike after he filed the 2015 case. Andrews acknowledges this third strike in his present complaint. (Doc. 6 at 5).

injury. Because Andrews is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed under § 1915(g).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 7), be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

3. The clerk of court close this case file.

At Panama City, Florida, this 25th day of October, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal**

**the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**